242

Emma Jo BARTLETT, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, Defendant.

No. 87–6302–CIV.

United States District Court,
S.D. Florida, N.D.

Dec. 30, 1987.

---

Diane Weaver, Tom Lardin, Ft. Lauderdale, Fla., for plaintiff.

Robert V. Potter, Tampa, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the *Motion for Reconsideration of the Order Granting Plaintiff's Motion for Summary Judgment* of the defendant, State Farm Fire and Casualty Company ("State Farm").

This is an action for the recovery of insurance proceeds on a fire insurance policy as a result of a fire loss occurring at plaintiff Emma Jo Bartlett's residence. Plaintiff claims she is entitled to recover proceeds under the policy. Allstate denies coverage, alleging, *inter alia,* that Bartlett set the fire and/or made material misrepresentations or concealment of facts in her application for insurance.

Plaintiff previously filed a motion for partial summary judgment in which she claimed she was entitled to coverage under the policy as a matter of law. In support of her motion, plaintiff submitted an affidavit stating that the policy in question was in effect on the date of the fire and that a timely claim had been filed with State Farm. The affidavit also stated that plaintiff "neither caused the fire to occur nor kn[e]w of anyone who did cause the fire to occur and otherwise ha[d] no knowledge whatsoever about how the fire started."

In response to the Motion for Partial Summary Judgment, State Farm argued that the submission of an affidavit was insufficient to support a summary judgment in favor of the plaintiff. State Farm produced no evidence to support its affirmative defenses of concealment/misrepresentation and the cause of the fire. In an Order dated October 6, 1987, this court granted the Motion for Partial Summary Judgment.

The court granted the partial summary judgment on the ground that, as the party opposing the motion for summary judgment, State Farm had not met the burden set forth in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Celotex,* the Supreme Court stated that Rule 56, Federal Rules of Civil Procedure, "mandates the entry of summa-

ry judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. 317, 106 S.Ct. at 2552–53. Because State Farm had not produced *any* evidence to support its affirmative defense that plaintiff caused the fire for which coverage is sought, this court granted partial summary judgment in favor of the plaintiff.

State Farm requests that the court reconsider its Order granting summary judgment. It argues that it was not required to come forward with evidence showing the existence of a genuine issue of material fact because plaintiff had not met the treshhold requirements of Fed.R.Civ.P. 56.

Rule 56(c) requires granting a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). State Farm contends that the party moving for summary judgment must produce evidence showing a lack of a genuine issue of material fact. State Farm relies upon *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) in which the Court stated that the moving party has the burden "to show initially the absence of a genuine issue concerning any material fact." *Id.* at 159, 90 S.Ct. at 1609.

The *Celotex* court considered the language in *Adickes* and stated that it did not construe *Adickes* to require that the moving party "produce evidence showing the absence of a genuine issue of material fact...." *Celotex,* 477 U.S. at ——, 106 S.Ct. at 2554. Instead, the Court stated that "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the District Court—that there is an absence of evidence to support the nonmoving party's case." *Id.* The moving party need only show the court the basis for its motion and identify those items

which it believes shows the absence of any genuine issue of material fact. *Id.*

In the present case, plaintiff Bartlett informed the court of the basis for her motion for summary judgment. She submitted an affidavit in which she denied any knowledge of the cause of the fire. As the nonmoving party, State Farm then had the burden of going beyond its pleadings and produce evidence showing the genuine issue of material fact. *Id.* Having failed to produce the required evidence, State Farm had summary judgment entered against it.

■ The court has reconsidered its earlier ruling and finds that State Farm failed to meet the burden imposed on it by Fed.R.Civ.P. 56(c) and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548 (1986). State Farm had failed to show any issue of material fact concerning the cause of the fire. Thus, summary judgment was properly entered against the defendant as to that issue. State Farm may not now come forth with evidence that should have been presented in response to plaintiff's original motion for summary judgment. However, upon reconsideration, the court finds that it must vacate the Order granting summary judgment as the plaintiff had not addressed the issue of material misrepresentation or concealment in her motion. As such, defendant's affirmative defense alleging material misrepresentation and/or concealment by plaintiff remains an issue for trial. For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the Motion for Reconsideration of the Order Granting Plaintiff's Motion for Summary Judgment be and the same is GRANTED. The Order dated October 6, 1987 granting summary judgment on the issue of liability is VACATED. Plaintiff's Motion for Summary Judgment will be GRANTED in part and DENIED in part. Summary judgment shall be entered in favor of plaintiff as to the issue of the cause of the fire. The Motion for Summary Judgment will be denied as to all other issues.